**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782

August 31, 2023

LETTER TO ALL COUNSEL OF RECORD

Re:     *Dean W.  v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
        Civil No. 21-957-BAH

Dear Counsel:

Before the Court is a motion by Jonathan B. Dennis, Esq., requesting attorney's fees pursuant to the Social Security Act ("Act"), 42 U.S.C. § 406(b), in conjunction with his representation of Plaintiff Dean W. in a Supplemental Security Income Appeal before this Court. ECF 20.  The Social Security Administration ("SSA") "neither supports nor opposes counsel's request for attorney's fees" but asks the Court to consider whether Mr. Dennis' requested amount of $15,095.50 constitutes a reasonable fee. ECF 22, at 1–2.  Mr. Dennis did not file a reply.  No hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2023).  For the reasons set forth below, Mr. Dennis' motion for attorney's fees is GRANTED IN PART and DENIED IN PART.

On April 8, 2022, Plaintiff's case was remanded with consent of the parties for further administrative proceedings.  ECF 19.[1]  Plaintiff subsequently received a favorable decision following a second hearing before an administrative law judge ("ALJ").  ECF 20, at 1.  Plaintiff later received an Award Notice, in which he was awarded past due benefits in the amount of $60,382.00.  ECF 22, at 1 n.2.[2]  Mr. Dennis has filed a Motion for Attorney's Fees, seeking to collect twenty-five percent of that amount ($15,095.50).  ECF 20, at 1.

The Act authorizes a reasonable fee for successful representation before this Court, not to exceed twenty-five percent of a claimant's total past-due benefits.  42 U.S.C. § 406(b).  Although contingent fee agreements are the "primary means by which fees are set" in Social Security cases, a court must nevertheless perform an "independent check, to assure that they yield reasonable results in particular cases."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  In determining whether a request for attorney's fees under section 406(b) is reasonable, the Supreme Court has

---

[1] Though Plaintiff's motion reflects that counsel will "refund any [Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412] fee received in this matter," the docket does not reflect that counsel sought, or received, fees pursuant to the EAJA.  In the event Mr. Dennis did receive fees under the EAJA, he is directed to reimburse to Plaintiff any amount received.

[2] Plaintiff did not provide the Court with a copy of the ALJ's favorable decision or the Award Notice.  However, the SSA confirms the favorable disposition and provided the Court with a copy of a "Notice of Change in Benefits" reflecting the total amount of past-due benefits as $60,382.00. ECF 22-1, at 3.  Since Plaintiff did not raise objection to this figure, the Court will accept this amount as the correct total but asks both parties to immediately notify the Court if this figure is inaccurate.

*Dean W. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 21-957-BAH
August 31, 2023 Letter Opinion
Page 2

explained that a reviewing court may properly consider the "character of the representation and the results the representative achieved." *Id.* at 808. Further, the Supreme Court acknowledged that a contingent fee agreement would not result in a reasonable fee if the fee constituted a "windfall" to the attorney. *Id.* (quoting *Rodriquez v. Bowen*, 865 F.2d 739, 746–47 (6th Cir. 1989)). Courts may require the attorney to provide a record of hours spent working on the case, and the attorney's typical hourly billing charge. *Id.*

Here, it is uncontested that Mr. Dennis and Plaintiff entered into a contingent fee agreement, by which Plaintiff agreed to pay Mr. Dennis twenty-five percent of all retroactive benefits to which Plaintiff might become entitled. ECF 20-1. Mr. Dennis submitted a timesheet reflecting that his firm spent a total of ten hours before this Court related to Plaintiff's case. ECF 20-2. If Mr. Dennis receives the full amount of fees he requests, SSA contends that his fee for representation before this Court will effectively total $1,509.50 per hour. ECF 22, at 2 n.3.[3] Mr. Dennis must therefore show that an effective rate of this amount is reasonable for the services he rendered. *See Gisbrecht*, 535 U.S. at 807.

Mr. Dennis "was admitted to practice law in 2016." ECF 20, at 5. As such, the requested fee is over five times the top hourly rate that is presumptively reasonable for attorneys of his experience level pursuant to the fee guidelines appended to the Local Rules of this Court. *See* Loc. R. App. B (D. Md. 2023).[4] Though it is customary in Social Security cases for courts to approve significantly higher rates, *see Trenton A. v. Comm'r, Soc. Sec. Admin.*, No. JMC-19-1568, 2022 WL 7099730, at *2 (D. Md. Jan. 27, 2022), Mr. Dennis' requested rate far exceeds the typical rates awarded by courts in the Fourth Circuit for attorney's fees in similar cases. "Hourly rates exceeding $1,000 are the exception, not the rule." *Willie B. v. Comm'r, Soc. Sec. Admin.*, No. SAG-20-2973, 2023 WL 3950112, at *2 (D. Md. June 12, 2023) (finding that an effective rate of $1,231.78 per hour was unreasonable). Mr. Dennis has undoubtedly provided effective performance in this case, as evidenced by the past-due benefit awarded to his client. However, as

---

[3]  In fact, Mr. Dennis' effective hourly rate would be higher than SSA's figure given that Mr. Dennis spent six hours working on the case and a paralegal spent four hours. *See* ECF 20-2. Mr. Dennis' firm typically bills its paralegals at $50 an hour. *See* Petition for Award of Att'y's Fees at 6, *Sherry C. v. Kijakazi*, No. 21-564-BPG (D. Md. Mar. 21, 2022), ECF 23. Removing $200 from the requested fees to account for the paralegal's time results in a remainder of $14,895.50. Divided by six, the result is an effective rate of $2,482.50 an hour for Mr. Dennis. However, since the SSA agrees that the request should be viewed as one for an effective rate of $1,509.50 an hour, and noting that the effective use of paralegals is always commended by the Court, I will not address what reduction, if any, is appropriate to account for tasks performed by a paralegal in this case.

[4]  Although they do not explicitly govern Social Security cases, the Local Rules prescribe guidelines for determining attorney's fees in other types of cases are instructive in evaluating the reasonableness of the effective hourly rate here. For attorneys "admitted to the bar for [between] five (5) to eight (8) years," like Mr. Dennis, the presumptively reasonable hourly rate is between $165.00 and $300.00 per hour. Loc. R. App. B (D. Md. 2023). Mr. Dennis' stated hourly billing rate of $300.00 falls within this range. *See* ECF 20-2.

*Dean W. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 21-957-BAH
August 31, 2023 Letter Opinion
Page 3

noted by Judge Gallagher in several recent cases presenting similar fee requests, awarding $15,095.50 for 10 hours of combined attorney and paralegal work in this case would result in a substantial windfall.  *See Larry D. v. Comm'r, Soc. Sec. Admin.*, No. SAG-19-70, 2023 WL 3689571, at *2 (D. Md. May 26, 2023) (finding an effective rate of $1,687.66 "would result in a windfall"); *Wendy M. v. Comm'r, Soc. Sec. Admin.*, No. SAG-20-3376, 2023 WL 362810, at *1 (D. Md. Jan. 23, 2023) (finding same for $1,375.19 per hour);  *Everlena G. v. Comm'r, Soc. Sec. Admin.*, No. SAG-20-00784, 2023 WL 424427, at *1 (D. Md. Jan. 26, 2023) (finding same for effective rate of $1,284.65 per hour).  Instead, I find that an award of $10,250, which is over three times the top hourly rate for an attorney of Mr. Dennis' experience level, reasonably compensates Mr. Dennis for the time he spent on Plaintiff's case.  *See Hunter v. Comm'r, Soc. Sec. Admin.*, No. SAG-15-3758, 2017 U.S. Dist. LEXIS 221544 (D. Md. Nov. 16, 2017) (approving contingency fee agreement with hourly rate of $1,140.41, while noting that the requested rate was "slightly more than triple the top hourly rate" for an attorney with eleven years of experience).

For the reasons set forth herein, this Court GRANTS IN PART and DENIES IN PART Mr. Dennis' request for attorney's fees, ECF 20.  This Court will award Mr. Dennis attorney's fees totaling $10,250, and Mr. Dennis is directed to reimburse to Plaintiff any previous funds received pursuant to the EAJA.

A separate implementing Order follows.

Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge